**Kathleen Gale FRENCH, Respondent,**

v.

**Dale Allen FRENCH, Appellant.**

No. 49757.

Missouri Court of Appeals,
Eastern District,
Division Six.

Dec. 17, 1985.

Rehearing Denied Feb. 4, 1986.

Alice L.C. Kramer, Hillsboro, for appellant.

Earl R. Blackwell, Hillsboro, for respondent.

CLEMONS, Senior Judge.

Husband Dale A. French appeals the denial of his motion to quash the garnishment by his wife Kathleen G. French. She sought thereby to enforce her child support judgment.

In 1977 in the parties' agreement upon dissolution the court ordered the father to pay the mother $50 a month to support each of their two children. (Not at issue here is the further dissolution order that father pay $96 a month to the mortgagee of the parties' home.)

By the present garnishment the mother sought $7,050 for unpaid child support. The motion court denied the father's motion to quash and he appeals.

The father contends the trial court erred. This by failing to grant him credit for amounts he had paid wife for child support *and house payments.* He contends that so calculated he owed his wife either $4,784 or $3,684, not the $7050 plus interest awarded her.

Father frankly concedes that we are to affirm the challenged judgment unless it is against the weight of the evidence. We look to the father's evidence.

Father testified: Some of his payments were in cash but as to the amount paid for child support he could only guess. During a ten-month work lay-off he missed several payments. He paid $267 for doctor bills. He could not tell the total amount paid for child support. The checks he gave did not show what they were for.

In commenting on this evidence the court announced its ruling would be based on the amounts actually made for child support. In denying the father's motion to quash the court ruled the father had failed in his burden to keep accurate records to show he had made the claimed payments.

The father here cites Rule 73.01. Its paragraph (c)(1) declares we must give the motion court due regard for judging the credibility of witnesses. Doing so, its judgment must be affirmed. So ordered.

STEPHAN, C.J., and SIMON, P.J., concur.